UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY GASTON, | ) | 1:09-CV-01025 OWW GSA HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING RESPONDENT'S MOTION |
| v. | ) | TO DISMISS |
| | ) | |
| | ) | [Doc. #11] |
| HARRINGTON, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND[1]**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Los Angeles, following his conviction by jury trial on August 12, 1994, of first degree murder with use of a firearm for which he was sentenced to serve an indeterminate prison term of twenty-nine years to life.

With this petition, Petitioner does not challenge his underlying conviction and sentence.

---

[1] This information is derived from the petition for writ of habeas corpus and Respondent's motion to dismiss.

Instead, he challenges a prison disciplinary hearing held on March 3, 2006, in which he was found guilty of arson. Petitioner administratively appealed the guilty finding. At the second level of review, on May 27, 2006, the appeal was apparently granted. See Petitioner's Opposition, Exhibit 1. However, on June 19, 2006, the appeal was denied in a written decision. See Petitioner's Opposition, Exhibit 2. Petitioner states he never received a copy of the written denial and was not aware of the denial until October 1, 2007, when he was interviewed by a staff counselor. When he discovered the appeal had been denied, he again pursued administrative appeals. All appeals were rejected as untimely. See Petitioner's Opposition, Exhibit 3-8.

Petitioner then sought relief in the state courts by filing petitions for writ of habeas corpus in the superior court, appellate court and California Supreme Court. On April 22, 2009, the California Supreme Court denied the petition with citation to In re Dexter, 25 Cal.3d 921 (1979).

On June 11, 2009, Petitioner filed the instant petition for writ of habeas corpus in this Court. On September 16, 2009, Respondent filed a motion to dismiss the petition for failure to exhaust and for failure to state a cognizable claim. Petitioner filed an opposition on October 5, 2009, and Respondent filed a reply to Petitioner's opposition on October 15, 2009.

**DISCUSSION**

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing § 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

B.  Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).

Respondent contends Petitioner has failed to exhaust his state remedies because the California Supreme Court denied his petition with citation to In re Dexter, 25 Cal.3d 921 (1979). The citation to Dexter signifies that the California Supreme Court determined that Petitioner failed to exhaust his available administrative remedies. Id. Respondent contends that because the state court declined to review the petition since Petitioner had not exhausted his administrative remedies, the petition is unexhausted. Respondent is correct. A claim that is not presented to the state's highest court in a manner that gives the court a fair opportunity to correct the constitutional violation is procedurally deficient. In this case, Petitioner failed to fairly present his claim to the California Supreme Court because he presented claims which were found to be unexhausted. Therefore, the claims were procedurally deficient. A claim denied by the state's highest court as procedurally

deficient does not exhaust the claim. Harris v. Superior Court, 500 F.2d 1124 (9th Cir.1974) (en banc). Consequently, the petition is exhausted and should be dismissed.

Petitioner argues that the California Supreme Court's ruling is in error because his administrative remedies are futile. In support, he claims his multiple attempts to appeal in the three administrative levels of review have been consistently rejected. Nevertheless, it is not for this Court to revisit and reconsider the California Supreme Court's finding that Petitioner has failed to exhaust. Poland v. Stewart, 169 F.3d 573, 584 (9th Cir.1999).

Accordingly, the instant petition is unexhausted and should be dismissed. 28 U.S.C. § 2254(b)(1).

C.  Failure to State a Cognizable Claim

Respondent also claims that Petitioner fails to state a cognizable claim because his claims do not implicate a liberty interest.

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974).  Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings.  Id. at 556.  Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison.  Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), *citing* Superintendent, etc. v. Hill, 472 U.S. 445, 454-455 (1984).

However, when a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567.  In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455, *citing* United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927).

In this case, Respondent contends Petitioner fails to present a cognizable claim because

1  Petitioner was not deprived of any earned credits. In addition, Respondent contends that the prison
2  disciplinary did not result in a dramatically adverse change in his conditions of confinement which
3  impacted a protected liberty interest.  While it is true that Petitioner was not divested of earned
4  credits, Petitioner contends his custody status was affected due to the rules violation. He argues that
5  the rules violation precludes him from being classified as disciplinary-free, which in turn precludes
6  him from a higher custody status such as "A1A" that would allow him to earn one-for-one credits.

7        The Court finds Petitioner's claims to be cognizable in a federal habeas action. Although the
8  penalty for the rules violation was not an immediate assessment of good time credits, it is undisputed
9  that a rules violation would increase a prisoner's classification score, and a classification score is
10 taken into account in determining custody status. In this case, Petitioner states he was informed by
11 his staff counselor that he could not be placed in A1A status because of the disciplinary.  Therefore,
12 the rules violation does directly affect the length of Petitioner's sentence in this case. Thus, the
13 claims are cognizable.

## RECOMMENDATION

15       Accordingly, the Court RECOMMENDS that Respondent's motion to dismiss for failure to
16 exhaust be GRANTED, and Respondent's motion to dismiss for failure to state a claim be DENIED.
17 The Court further RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED
18 without prejudice. This Findings and Recommendation is submitted to the United States District
19 Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule
20 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of
21 California.

22       Within thirty (30) days after being served with a copy of this Findings and Recommendation,
23 any party may file written objections with the Court and serve a copy on all parties.  Such a
24 document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."
25 Replies to the Objections shall be served and filed within ten (10) court days (plus three days if
26 served by mail) after service of the Objections. The Finding and Recommendation will then be
27 submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. §
28 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may

1 waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   October 28, 2009**            /s/ **Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE